UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH SANDERS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 07-cv-792-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Joseph Sanders' ("Sanders") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government has responded to the motion (Doc. 3), and Sanders replied to that response (Doc. 7).

## I. Background

In May 2004, Sanders was indicted by a grand jury on one count of possessing a weapon in prison while a federal prison inmate at the United States Penitentiary at Marion, Illinois ("USP-Marion"). On June 3, 2004, a magistrate judge arraigned Sanders on the charge, entered a guilty plea on his behalf and appointed the Federal Public Defender ("FPD") to represent Sanders. He did not schedule a preliminary hearing to establish probable cause.

During a bench trial on July 18, 2005, the government presented, among other pieces of evidence, a videotape from a surveillance camera inside USP-Marion that showed a correctional officer taking an object out of Sanders' shoe in the hallway outside Sanders' cell. Other evidence showed that the object was a makeshift knife wrapped in toilet paper and cellophane, which was covered with fecal matter. A government witness explained at trial that the videotape did not contain audio recordings because USP-Marion's surveillance cameras had no audio recording mechanism. The Court found Sanders guilty.

At the March 17, 2006 sentencing hearing, the Court found that the offense level for Sanders' offense was 13, but that Sanders was a career offender under United States Sentencing Guideline Manual ("U.S.S.G.") § 4B1.1, which raised his offense level to 17. His career offender status also established his criminal history category as VI. His sentencing range was 51 to 60 months, capped at the top end by the 60-month statutory maximum sentence. *See* 18 U.S.C. § 1791 (b)(3) & (d)(1)(B). The Court sentenced Sanders to serve 60 months consecutive to the term he was serving at the time and noted that, even if Sanders had not been a career offender, the Court would have imposed that sentence based on the factors in 18 U.S.C. § 3553(a).

Sanders appealed, arguing that his conviction should be overturned because prison officials improperly destroyed the toilet paper and cellophane, because the government did not notify him before trial that one witness was present when Sanders told a correctional officer he would be able to get another weapon, and because the Court erred in finding he was a career offender. The Seventh Circuit Court of Appeals affirmed his conviction on November 2, 2006, and issued its mandate on November 27, 2006. *United States v. Sanders*, No. 06-1832, 2006 WL 3154384 (7th Cir. Nov. 2, 2006). Sanders did not petition the United States Supreme Court for a writ of *certiorari*.

Sanders filed a timely motion for relief under 28 U.S.C. § 2255 in which he raises four grounds for relief: (1) that his attorney failed to follow his instructions and he was denied a preliminary hearing; (2) that his Fourth Amendment rights were violated with respect to his arrest; (3) that the Court erroneously determined that he was a career offender; and (4) that audio evidence on the videotape recording was improperly removed.

In response, the government argues that Sanders has procedurally defaulted his claims.

To the extent Sanders alleges ineffective assistance of counsel, the government argues that Sanders' counsel's performance was not constitutionally deficient and/or were not prejudicial to his case.

In reply, Sanders throws himself on the mercy of the Court.

## II. § 2255 Standard

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.
A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice. *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

Neither is a § 2255 motion necessarily a second chance at a successful appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). The Court may refuse to consider issues in a § 2255 motion that a defendant raised on direct appeal where there are no changed circumstances of fact or law. *Id.*; *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

## III. Analysis

### A. Denial of Preliminary Hearing

Sanders argues that he was deprived of his right to a preliminary hearing to determine probable cause. The government argues that Sanders has procedurally defaulted on this argument because it is not a constitutional claim and he could have raised it on direct appeal but did not.

The right to a preliminary hearing is a statutory, not a constitutional, right. *Odell v. Burke*, 281 F.2d 782, 786 (7th Cir. 1960). Indeed, the right to a preliminary hearing stems from 28 U.S.C. § 3060 and Federal Rule of Criminal Procedure 5.1(a). Sanders could have raised this non-constitutional argument on direct appeal but did not, so he has procedurally defaulted this claim. *See Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

To the extent Sanders may frame this issue as an instance of ineffective assistance of trial counsel under the Sixth Amendment, that claim too must fail. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that

his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

The FPD was not deficient for failing to insist on a preliminary hearing and Sanders suffered no prejudice from that failing. Defense counsel is not deficient for failing to make a

frivolous or losing argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). Any argument that Sanders was entitled to a preliminary hearing under Rule 5.1(a) to establish probable cause was frivolous in light of his indictment by a grand jury prior to his arrest and arraignment. *See* Fed. R. Crim. P. 5.1(a)(2) (stating that preliminary hearing is required "unless . . . the defendant is indicted"). The FPD was not deficient for failing to make this losing argument, and Sanders suffered no prejudice as a result.

B. Issuance of Arrest Warrant Without Complaint

Sanders complains that the warrant for his arrest was pursuant to an indictment, not pursuant to a criminal complaint, in violation of the Fourth Amendment. The government argues that Sanders has procedurally defaulted this argument by failing to raise it on direct appeal without cause or prejudice.

As a preliminary matter, Sanders' claim is not cognizable in a § 2255 proceeding because he could have raised it at trial and on direct appeal. The law is clear that Fourth Amendment violations cannot be a ground for § 2255 relief unless petitioner could not have presented a Fourth Amendment argument defense at the trial level. *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004) (citing *Stone v. Powell*, 428 U.S. 465 (1976)). However, where trial counsel's deficient performance effectively prevented a petitioner from presenting a Fourth Amendment argument at trial, a defendant may present a Sixth Amendment ineffective assistance of counsel argument in a § 2255 that hinges on counsel's failure to raise the Fourth Amendment issue at trial. *Owens*, 387 F.3d at 609. The merits of the Fourth Amendment argument can then be considered in the prejudice inquiry of the *Strickland* ineffective assistance of counsel test. *See id.* at 609-610. As explained below, Sanders' counsel was not ineffective in

failing to make the argument that Sanders' arrest warrant was issued in violation of the Fourth Amendment.

Sanders' counsel was not deficient for failing to raise the frivolous argument that a criminal complaint was required before an arrest warrant could issue for Sanders. The Fourth Amendment to the Constitution provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. However, where a grand jury has determined that there is probable cause to believe a defendant has committed a crime and has returned an indictment on that basis, that finding is sufficient to support the issuance of an arrest warrant, and no complaint or hearing is required. *See* Fed. R. Crim. P. 9(a).

Sanders was indicted by a grand jury prior to his arrest and arraignment, so the absence of a criminal complaint was irrelevant. Sanders' counsel was not deficient for failing to assert the Fourth Amendment argument Sanders wanted him to raise, and Sanders suffered no prejudice from the failure to raise this argument either at trial or on appeal.[1] Thus, his Fourth Amendment claim is not cognizable in this § 2255 proceeding.

C. Career Offender Status

Sanders believes the Court was wrong to find he was a career offender because his offense was not a crime of violence as required for career offender status under U.S.S.G. §

[1]Sanders makes a number of references to his lack of notice of the grand jury proceedings but has not cited any authority requiring such notice. He also makes allegations regarding the lack of discovery that are patently frivolous in light of the district court record. Counsel was not deficient for failing to complain about these matters.

4B1.1. The government argues that Sanders has procedurally defaulted on this argument because it is a non-constitutional claim that he could have raised on direct appeal but did not.

The government's position is correct. The forum for Sanders' argument was on direct appeal, and he cannot now raise in this forum non-constitutional errors in the application of the sentencing guidelines. As long as a defendant's sentence is within the sentencing range provided by the statute of the offense, sentencing guideline calculation errors are nonconstitutional and are not reviewable in § 2255 proceedings. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).

To the extent Sanders may be asserting ineffective assistance of counsel during sentencing, that claim must fail as well. Knowing possession of a weapon by an inmate is a violent offense, *United States v. Vahovick*, 160 F.3d 395, 397 (7th Cir. 1998), so the FPD was not deficient for failing to argue otherwise. Furthermore, the Court was clear that even if it had not found Sanders to be a career offender it would have given him the same sentence – the statutory maximum 60-month sentence – after considering the factors in 18 U.S.C. § 3553(a). Thus, Sanders suffered no prejudice from any counsel error that may have led to his career offender status.

D. Removal of Sound from Videotape

Sanders argues that his conviction must be set aside because the government violated the Fourth Amendment when it tampered with the videotape evidence to remove the sound that would have shown a correctional officer witness visually inspected Sanders' body surfaces and cavities before removing him from his cell, where he came into range of the video surveillance camera. The government argues that evidence tampering is actually a due process, not a Fourth Amendment, violation and that Sanders has procedurally defaulted on this claim because he did

not raise it on direct appeal and cannot show cause or prejudice.

Sanders did not raise this constitutional issue on direct appeal and has not articulated cause or prejudice for this failure. To the extent he suggests his procedural default is excused because his counsel was ineffective for failing to raise the evidence tampering argument, Sanders cannot succeed. The lack of audio recording was addressed at trial and could have been fleshed out at that time and raised on appeal. However, Sanders has not pointed to anything that should have led his counsel to believe he had a legitimate reason to challenge the state of the videotape (indeed, even now Sanders does not point to anything that would raise a reasonable attorney's suspicions). A credible government witness offered an explanation for the lack of an accompanying audio recording, and Sanders has pointed to nothing that would have had a reasonable probability of calling that testimony into question. When a § 2255 petitioner faults his attorney for failing to present evidence, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). Sanders has failed to do this. In light of the lack of any indication of tampering, counsel's failure to make a baseless challenge to evidence was not deficient.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Sanders' § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 31, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**